IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ANTHONY VIRGIL JASPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 00-87 |
| | ) | Civil Action No. 02-607 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the Motion.

### I.  Background

At the conclusion of a two-day trial on May 16 and 17, 2000, a jury convicted Petitioner, Anthony Virgil Jasper, of interference with commerce by threats and violence, in violation of 18 U.S.C. § 1951, and four related offenses. The convictions were based on a November 1999 incident in which Petitioner brutalized and robbed the inhabitants of a residence in Springfield, Virginia, stole approximately twenty firearms from the residence, and carried the firearms to Washington, D.C. for resale. On August 18, 2000, this Court sentenced Petitioner to a term of life imprisonment plus eighty-four months. Petitioner's convictions and the sentences imposed therefor were affirmed on

direct appeal. *United States v. Jasper*, 8 Fed. Appx. 168 (4th Cir. 2001) (per curiam).

This Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 followed on April 30, 2002. Petitioner alleges that he did not receive effective assistance of counsel during the course of his trial. Further, on July 25, 2004, Petitioner filed a letter, claiming that his sentence was invalid in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). These claims are currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States, (2) that the court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised

in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Malloy*, 758 F.2d 979, 982 (4th Cir. 1985).

   The petitioner bears the burden of showing not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension. *Malloy*, 758 F.2d at 982 (citing *Frady*, 456 U.S. at 164-65). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

   To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). *See also Bell v.*

*Evatt*, 72 F.3d 421, 427 (4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996).  A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (quoting *Strickland*, 466 U.S. at 688).  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong.  *Id.* at 700.

As to the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689. The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (internal citations and quotations omitted).

A petitioner carries a heavy burden under the second prong of the *Strickland* test.  The essence of the Sixth Amendment guarantee is "to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691-92.  In accord with this principle, the petitioner must establish that any deficiency in counsel's performance was prejudicial to him.  *Id.* at 692.  Prejudice exists only where "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  In reviewing a claim of prejudice, the Court must therefore determine whether the results of the proceedings were fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

### III.  Analysis

A.  Ineffective Assistance of Counsel

Petitioner claims that the government's evidence at his trial was insufficient to prove that his offense interfered with interstate commerce.  In his reply to the government's opposition to his Motion, Petitioner elaborates on the supposed insufficiency of this evidence.  Petitioner concedes that the government presented evidence that he carried the firearms in question from Virginia to Washington, D.C.  He contends only that the government failed to prove when, how, or where the firearms

-5-

traveled in interstate commerce, and specifically that the firearms traveled in interstate commerce after the effective date of the statute under which he was convicted. His ineffective assistance of counsel claim is based on his attorney's failure to move for a judgment of acquittal on this specific ground.

At the conclusion of the government's case at trial, Petitioner's attorney moved for a judgment of acquittal, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. This motion attacked only the government's evidence with respect to the charge of conspiracy to possess cocaine. In its opposition to the present Motion, the government has submitted an affidavit from Petitioner's trial attorney, in which he explains that he deliberately chose to not challenge the evidence that Petitioner's firearms traveled in interstate commerce. According to Petitioner's former counsel,

> This was based on my belief that the evidence as it related to all other counts was more than sufficient to allow the matter to proceed to the jury. Based on my experience and training it is counterproductive to present arguments in support of FRCP 29(a) motions which are inherently weak and unlikely to prevail. Doing so only distracts from potentially strong arguments that may otherwise succeed.

(Gov't Opp'n Ex. 1.)

By all indications, Petitioner's attorney was correct in his belief that the government's evidence was sufficient to establish the interstate commerce nexus. Three witnesses at trial provided testimony establishing that Petitioner carried the

-6-

stolen firearms from Springfield, Virginia, the site of the robbery, to a motel in Washington, D.C, in order to sell the weapons.  The government's evidence was amply sufficient to prove that Petitioner carried the stolen firearms in interstate commerce.  *See United States v. Tate*, No. 95-5828, 1998 U.S. App. LEXIS 21266, at *5-6 (4th Cir. Aug. 31, 1998) (per curiam) (holding that the government need only show a *de minimis* effect on interstate commerce to satisfy the jurisdictional element of 18 U.S.C. § 1951).  Further, Petitioner's contention that the evidence was insufficient to prove that his conduct occurred after § 1951's enactment is utterly meritless.  Section 1951 was enacted in 1948 and amended in 1994.  Petitioner's conduct occurred in 1999.

As the government's evidence was sufficient in all respects, Petitioner's trial attorney's alleged omission appears to have been a matter of sound trial strategy.  There is nothing to indicate that counsel's conduct was "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Accordingly, the Court finds no ineffective assistance of counsel.

B.  *Blakely v. Washington*

On July 29, 2004, while Petitioner's § 2255 Motion was pending before this Court, he filed a letter supplementing his Motion pursuant to Rule 15 of the Federal Rules of Civil

Procedure. In this letter, Petitioner claims that the Court erred by enhancing his sentence based on facts that were not proven to a jury beyond a reasonable doubt. Petitioner argues that this contravened the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

After Petitioner filed this letter, the Supreme Court rendered a decision in *United States v. Booker*, 125 S.Ct. 738 (2005), addressing the issues Petitioner believes are raised by *Blakely*.[1] However, neither *Booker* nor *Blakely* constitutes rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. S*ee Teague v. Lane*, 489 U.S. 288, 305-10 (1989) (adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review). The Supreme Court has explained:

> [T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Tyler v. Cain*, 533 U.S. 656, 663 (2001).

The Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), formed the underpinning for its decisions in

---

[1] In *Booker*, the Supreme Court held 18 U.S.C. § 3553(b)(1) to be unconstitutional insofar as it made the United States Sentencing Guidelines mandatory. 125 S.Ct. at 755-56. The Court severed the unconstitutional portion of § 3553, rendering the Sentencing Guidelines advisory. *Id.* at 756-57.

*Booker* and *Blakely*.[2] The rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in *Teague*. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001). Likewise, the Supreme Court's holdings in *Booker* and *Blakely* are not retroactive to cases on collateral review. *See, e.g., Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *United States v. Johnson*, 353 F. Supp. 2d 656, 657-58 (E.D. Va. 2005). Petitioner's sentence became final well before the Supreme Court rendered *Booker* or *Blakely*. Accordingly, the rules enunciated in these decisions are inapplicable to Petitioner's case.

### IV.  Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate Order shall issue.

November 8, 2005  _____/s/_____
Alexandria, Virginia             James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE

---

[2] The holding in *Booker* was premised on a reaffirmation of the Supreme Court's holding in *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756 (2005). The holding in *Blakely* rested on a similar application of *Apprendi*. *See Blakely*, 124 S. Ct. at 2536.